MELISSA HOLYOAK, United States Attorney (#9832)
JOEY L. BLANCH Assistant United States Attorney (# 16665)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone:  (801)524-5682

_____

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRENT SCOTT NELSON,<br><br>Defendant. | **UNITED STATES' POSITION REGARDING DETENTION**<br><br><br>Case No. 2:26-MJ-69 JCB |

☐    The United States is not seeking detention.

☐    Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast track program, which includes agreeing to detention for the pendency of this case.

☒    The United States moves for detention based on current information.  The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence.  The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention.  The United States' motion for detention is:

☒  Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

    ☐ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of

10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☒ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☐ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☐ **(A)** a serious risk the defendant will flee; **or**

☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

**Procedure**

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

2

**Rebuttable Presumption**

☐  A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption.  The United States acknowledges that it retains the burden of persuasion.  The statutory presumption applies:

☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

**(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

**(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; *and*

**(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☐  Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐  **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐  **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐  **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

☐  **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐  **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**Factors to Be Considered**

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒  The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device.  (18 U.S.C. § 3142(g)(1)).

☒  The weight of evidence against the defendant.  (18 U.S.C. § 3142(g)(2)).

☒  The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings.  (18 U.S.C. § 3142(g)(3)(A)).

☐  Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.  (18 U.S.C. § 3142(g)(3)(B)).

☒  The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release.  (18 U.S.C. § 3142(g)(4)).

☐  The defendant's lack of legal status in the United States.  The defendant's legal status is:

☐  How the defendant would be subject to removal or deportation after serving a period of incarceration.

☐  The defendant's significant family or other ties outside of the United States.

☐  The defendant's use of aliases or false documents.

☐  The defendant's prior attempts to evade law enforcement.

☐  How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☐  The defendant's prior failures to appear for court proceedings.

☒  Other reasons including:

Defendant is a registered sex offender based on his previous conviction in *Utah v. Nelson*, Third District case number 201907612.  In that case, he plead guilty to four counts of Sexual Exploitation of a Minor, a second degree felony that criminalizes production, possession, and distribution of child pornography.  Ibn the factual basis of his plea agreement, defendant admitted that he used chatting applications to seek out and distribute child sex abuse imagery.  He further admitted that possessed over 2,700 files of

child pornography on his cell phones, messaging applications and cloud storage accounts which depicted graphic infant and toddler rape, along with other depictions of prepubescent children.  He was sentenced to 1-15 years in prison, suspended, and 180 days in jail.  His probation was terminated in December, 2023.

In December 2025, the FBI and other law enforcement agencies have been investigating individuals involved in the sexual exploitation of children via the Internet. Between December 20, 2025, and December 27, 2025, a Special Agent with the FBI downloaded approximately 109 files from device(s) connecting to the internet from a single IP Address.  These files contained graphic videos depicting the sexual abuse of children, primarily prepubescent female children being digitally, orally, and vaginally raped by adult males. In one image a prepubescent female child appears to have her legs forcibly taped together while her anus is digitally penetrated by an adult female.

Further investigation revealed that, between December 20, 2025, and December 27, 2025, the IP Address distributing the child pornography resolved to defendant's home.  On January 29, 2026, federal search warrants for defendant's home and person were executed by the FBI and members of the FBI's Child Exploitation Task Force and the FBI's Violent Crimes Task Force, with assistance from the Unified Police Department. During the execution of the search warrants, multiple items of evidence were seized in relation to the child pornography investigation. That investigation is ongoing.  However, also located during the search were two 9mm handguns and 9mm ammunition. These handguns were found in a box in the closet of the master bedroom of the residence, shared by defendant and his wife.  This box also contained tax documents for defendant and his wife.

After the firearms had been located and secured, an interview was conducted with defendant's wife regarding the origin of both firearms. She advised that one of the firearms was hers, and that she had won it at a work party over 10 years ago. The second firearm had previously belonged to defendant's grandfather. About 15 years ago, defendant's grandfather passed away and defendant's grandmother gave defendant the firearm. Defendant and his wife had possessed that firearm ever since. Defendant's wife then identified the Glock 17, S/N DSL372, found in defendant's bedroom closet, as defendant's firearm.

While no charges have yet been brought regarding the child pornography investigation, defendant's past criminal history involving child pornography, and the current investigation involving child pornography are remarkably similar.  There is probable cause to believe that as recently as December, 2025, defendant was again trading child pornography images over the Internet.  At the same time, he was illegally in possession of firearms.  Based on the danger he poses to the community, he should be detained prior to trial on the firearms offense.

**Victim Notification**

☐  The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

☒  This matter does not involve a victim requiring notification.

DATED this 4th day of  February 2025.

MELISSA HOLYOAK
UNITED STATES ATTORNEY

*/s/ Joey Blanch*_____
JOEY L. BLANCH
Assistant United States Attorney

6